# Commonwealth *v.* Megargee Bros., Inc., Appellant.

*Taxation—Corporations—Debts — Interest — Return to State—*
*Acts of June 17, 1913, P. L. 507, and July 15, 1919, P. L. 955.*

1. Under section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, a domestic corporation must make return to the State of its outstanding bonds, notes, certificates and evidences of indebtedness, which are held by residents of the Commonwealth, whether those obligations were issued by the corporation, or it assumed liability for them, or paid interest on them.

2. Under such circumstances, the designated interest on such securities should not be paid in full to the owners thereof; the four mills tax should be deducted therefrom and only the balance paid to the owners.

3. Since the passage of the amendatory Act of July 15, 1919, P. L. 955, the owners of such securities are not required, by section 1 of the Act of June 17, 1913, P. L. 507, to make return of them or pay to the county the four mills tax on them.

4. Commonwealth v. DuPont Land Co., 254 Pa. 446; Com. v. Roxford Knitting Co., 268 Pa. 266, and Com. v. Lehigh & New England R. R. Co., 268 Pa. 271, considered, and shown to be inapplicable to taxes accruing after the date of the Act of 1919.

*Practice—Case-stated—What facts may be considered.*

5. In determining what judgment should be entered on an agreed statement of facts, only such facts can be considered as the parties have expressly agreed to or as are necessarily to be implied from them; for the purposes of the case all others must be treated as if not existing.

*Statutes—Construction—Surplusage—Maxims.*

6. Whenever reasonably possible, all the words in a statute are to be given an appropriate meaning and none are to be treated as surplusage.

7. The maxim "cessante ratione cessat et ipsa lex" applied.

Argued May 10, 1922. Appeal, No. 20, May T., 1922, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1920, No. 79, for Commonwealth, on case tried by court without jury, in suit of Commonwealth v. Megargee Bros., Inc. Before MOSCH-

ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and
SADLER, JJ.  Affirmed.

Appeal from tax settlement.  Before HARGEST, P. J.,
without a jury.

The opinion of the Supreme Court states the facts.

Judgment for Commonwealth for $240.66.  Defendant
appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*W. S. Snyder,* with him *J. T. Olmsted* and *C. B. Miller,*
for appellant, cited: Com. v. Knitting Co., 268 Pa. 266;
Com. v. R. R., 268 Pa. 271; Thomas v. Hinkle, 126 Pa.
478; Com. v. Penna. W. & P. Co., 271 Pa. 456.

*Geo. Ross Hull,* Deputy Attorney General, with him
*Geo. E. Alter,* Attorney General, for appellee, cited:
Com. v. DuPont Land Co., 254 Pa. 446; Com. v. R. R.,
129 Pa. 429; Com. v. Ry., 162 Pa. 614; Dollar Savings
Bank v. U. S., 19 Wall. 227.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:

The agreed statement of facts, on which this case was
heard and decided by the court below, sets forth that de-
fendant, a domestic corporation, was the owner of a
property, subject to mortgages aggregating $120,000, held
by individual residents of the State, to whom defendant
paid the interest which had accrued thereon, without de-
ducting the four mills tax imposed by the Act of June
17, 1913, P. L. 507, and its amendments.  It was not
stated whether there were any bonds or other evidences
of indebtedness for which the mortgages were security;
or, if there were, whether all of defendant's assets were
liable for them, or only the real estate described in the
mortgages.   The Commonwealth contended defendant
was required to make return of the mortgage indebtedness
and pay the tax to the State, because of the provisions

of section 17 of the Act of 1913, as amended by the Act of July 15, 1919, P. L. 955. Defendant claimed these provisions had no applicability; that it had properly paid the full amount of interest to the owners of the mortgages, who were required, by section 1 of the Act of 1913, to make return and pay the tax to the proper county. The court below sustained the Commonwealth's contention, and defendant appeals from the judgment entered in accordance therewith.

The first section of the Act of 1913 provides as follows: "That all personal property of the classes hereinafter enumerated, owned, held or possessed by any person,......liable to taxation within this Commonwealth, ......is hereby made taxable annually for county purposes,......at the rate of four mills on each dollar of the value thereof,......that is to say: All mortgages; all moneys owing by solvent debtors, whether by promissory note, or penal or single bill, bond or judgment; all articles of agreement and accounts bearing interest; ......all loans issued by any corporation, association, company or limited partnership, created or formed under the laws of this Commonwealth......and [all] loans secured by bonds, or any other form of certificate or evidence of indebtedness,......except such loans as are made taxable for state purposes by section 17 hereof."

The 17th section of the Act of 1913, as amended by the Act of 1919, provides as follows (the italicized words showing the amendments made by the latter act): "That all scrip, bonds, certificates *and evidences* of indebtedness issued, *and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid,* by any and every private corporation, incorporated or created under the laws of this Commonwealth,......are hereby made taxable......for state purposes, at the rate of four mills on each dollar of the nominal value thereof......; and ......none of the classes of property made taxable by this section for state purposes shall be taxed or taxable

for county, school or other local purposes. *It is the intent of this Act that all scrip, bonds, certificates and evidences of indebtedness made taxable under this section are not taxable under section 1 of the Act to which this is an amendment, and that only such scrip, bonds, certificates and evidences of indebtedness which cannot be made taxable under this section, are to be taxed under section 1 of said Act."*

It will be observed, that, under section 1, "loans issued by any corporation......created or formed under the laws of this Commonwealth......and loans secured by bonds, or any other form of certificate or evidence of indebtedness [are not taxable 'for county purposes,' if] ......taxable for state purposes by section 17"; and under the latter section, as amended, no "scrip, bonds, certificates and evidences of indebtedness" of such corporation, "made taxable by this section for State purposes, shall be taxed or taxable for county......purposes." This analysis makes clear: (1) that double taxation is expressly forbidden; (2) if irreconcilable conflict ever appears, section 17 will control and the Commonwealth will be entitled to the tax; (3) in the ordinary case of a bond or bonds "issued" or an indebtedness "assumed" by a private corporation (whether or not secured by a mortgage on its property), it is required to pay to the State the tax on them; and (4) since such indebtedness can be made taxable for "state purposes," it "cannot be made taxable......under section 1" of the Act of 1913, for "county purposes."

There are, however, mortgages secured upon the property of such a corporation (requiring payment of the interest specified therein, in order to prevent foreclosure of the mortgage and a sale of the property), for which its other assets are not liable; and this must be taken to be the fact here, for we conclusively assume they are not liable, since the agreed statement of facts does not aver they are: Berks County v. Pile, 18 Pa. 493; Schuldt v. Reading Trust Co., 270 Pa. 360. Under such circum-

stances, another clause in the Act of 1919 applies, for it holds the State is entitled to this tax whenever "interest shall be paid" by a domestic corporation on any "evidence of indebtedness"; and this such a mortgage of course is. The words "or interest shall be paid," do not appear in either sections 1 or 17 of the Act of 1913; hence we must assume they were inserted in the amendment of 1919 to cover some additional subject of taxation, especially as the disjunctive "or," and not the conjunctive "and," is used to express the legislative intent. Thus viewed, they cannot properly be limited to instances where the corporation has "issued" the obligations or "assumed" a general liability for them; but must apply, exactly, as the language states, whenever there are "scrip, bonds, certificates and evidences of indebtedness . . . . . . on which interest shall be paid." This is a necessary deduction, for otherwise the words "interest shall be paid," might just as well have been omitted from the statute, a conclusion not permissible, if reasonably avoidable, as it is here: Phila. to use v. Spring Garden Farmer's Market Co., 161 Pa. 522, 527; Ludwick's Est., 269 Pa. 366, 371. It follows that, though we assume there were no bonds for which the mortgages were given as security, still, as the mortgages themselves were "evidences of indebtedness [of plaintiff's property] . . . . . ., on which interest shall be paid," the tax goes to the State, exactly as it would if the general assets of the corporation were also liable for the debt.

We cannot sustain defendant's contention that under Com. v. Roxford Knitting Co., 268 Pa. 266, and Com. v. Lehigh and New England R. R. Co., 268 Pa. 271, a different conclusion should be reached, because section 1 of the Act of 1913 has never been amended. In those cases, we decided that corporate promissory notes and car trust certificates were taxable under section 1 and not under section 17, because they were specifically mentioned in the former and not in the latter. It was so held, however, not because they could not be taxed under section

17, for it is expressly stated that the terms used therein "may be broad enough to cover them, and might well be held to do so, were it not for section 1 of the same act which imposes a tax for county purposes," but because, as the law then stood, the two sections appeared to be conflicting, so far as the particular securities under consideration were concerned, and therefore "the special provision must be taken......as an exception to the general provision," and the former alone held applicable. Each of those cases related to taxes prior to 1919, and hence when it was provided, by the amendment of that date, that only the securities "which cannot be made taxable under......section [17], are to be taxed under section 1," the principle relied on was thereafter inapplicable, and during later years those securities became taxable under section 17: cessante ratione cessat et ipsa lex.

Defendant also contends that the amendment of 1919 was passed to overcome the effect of Com. v. DuPont Land Co., 254 Pa. 446, wherein it was held the original section 17 did not apply to instances where the corporation "assumed" a liability, as distinguished from one "issued" by it. If we suppose this claim to be correct, still defendant's contention fails, for the Commonwealth also claimed, in that case, that section 17 applied though the corporation did not issue but only "paid interest on the mortgage indebtedness [that fact alone making it] liable for the collection of the tax." Both of these contentions were overruled; and hence, if we suppose the legislature desired to make that decision innocuous, we must presume that, by the use of the words "or on which interest shall be paid," it intended to make effective, for future taxes, the second of the Commonwealth's contentions also. It is probable, however, that the legislative purpose was thereafter to render inapplicable the rulings in all three of the above cases; and this it does, for, as already pointed out, section 1 is not to be applied when the corporation has issued or assumed the indebtedness, or paid interest on it.

The conclusion thus reached, results in a simple, complete and harmonious system, for the sole test then is, does a private corporation pay the interest, because of an outstanding "evidence of indebtedness" of it or its property?  If it does, it knows, from this fact alone, it must pay the tax to the State, and the owner of the security knows he need not make return thereof or pay the tax to the county.

We see no difficulty growing out of the fact that the Act of 1919 provides no means for securing a proper return and payment.  As stated, this act is but an amendment. of that of 1913, is to be construed as if written into the latter, in place of the original section 17, and the same procedure is to be followed, as would have been the case had the original act covered the whole ground now embraced in the amendment.

The judgment of the court below is affirmed.