# Commonwealth *v.* Jacob Reed's Sons, Inc., Appellant.

*Taxation—Corporations—Debts—Promissory notes—Return to State—Acts of June 17, 1913, P. L. 507, and July 15, 1919, P. L. 955.*

1. Under section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, a domestic corporation must make return of, and pay to the State, the four mills tax on its outstanding promissory notes, if they are held by residents of the Commonwealth; the holders of such notes are not required to make return of, and pay to the county, the tax on them.

*Practice, C. P.—Case-stated—Surplusage.*

2. In determining what judgment should be entered on an agreed statement of facts, only such facts can be considered as the parties have expressly agreed to, or are necessarily to be implied from them; for the purpose of the case all others must be treated as if not existing.

Argued May 25, 1922. Appeal, No. 21, May T., 1922, by defendant, from judgment of C. P. Dauphin Co., No. 80, Commonwealth Docket, 1920, for Commonwealth on case tried by the court without a jury, in suit of Commonwealth v. Jacob Reed's Sons, Inc. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Sadler, JJ. Affirmed.

Appeal from tax settlement. Before Hargest, P. J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for Commonwealth for $599.37.   Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*W. S. Snyder,* with him *J. T. Olmsted* and *C. B. Miller,* for appellant.

*George Ross Hull,* Deputy Attorney General, with him *George E. Alter,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:

The only question to be decided in this case is whether the four mills tax, on certain promissory notes issued by defendant, a domestic corporation, to residents of this Commonwealth, should be paid to the county, under section 1 of the Act of June 17, 1913, P. L. 507, or to the State under section 17 thereof as amended by the Act of July 15, 1919, P. L. 955. The court below correctly held it was defendant's duty to make return of the notes and pay the tax to the State: Com. v. Megargee Brothers, Inc., 275 Pa. 12.

We are also asked to decide whether any tax is due on them in view of the alleged fact that they were short-term obligations. This question we cannot determine, however; the agreed facts only aver, that they "were issued to meet the current bills of the company," but whether payable after long or short periods is not specified, and the latter cannot be assumed: Com. v. Megargee Brothers, Inc., 275 Pa. 12.

The judgment of the court below is affirmed.