## Commonwealth v. Imperial Woolen Co., Appellant.

*Taxation—Corporations—Interest on accounts—"Evidence of indebtedness"—Words and phrases—Acts of June 17, 1913, P. L. 507, and July 15, 1919, P. L. 955.*

1. Section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, imposes upon a corporation a tax for state purposes on accounts bearing interest, merchandise and otherwise, which are shown on its books, but for which the corporation has not given or issued any obligation or paper of any kind.

2. Entries in the corporation's books are "evidences of indebtedness" within the meaning of the statute.

3. The purpose of the legislature was to tax all indebtedness of corporations, however evidenced, and thus to place them all on an equality so far as loan taxes are concerned.

Argued May 24, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 34, May T., 1927, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket 1926, No. 7, for Commonwealth, on appeal from tax settlement, in suit of Commonwealth v. Imperial Woolen Co. Affirmed.

Appeal from tax settlement. Before HARGEST, P. J. The opinion of the Supreme Court states the facts. Appeal affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Geo. Ross Hull,* of *Snyder, Miller & Hull,* for appellant.—Accounts which are recorded on the books of a corporation and on which it pays interest, but which are not evidenced by any paper, document, credit memorandum, written acknowledgment or any substitute there-

for, given by the debtor corporation to its creditor, are not "evidences of indebtedness" and are not taxable for state purposes under section 17 of the Act of June 17, 1913, P. L. 507, as amended by Act of July 15, 1919, P. L. 955: Com. v. Du Pont Land Co., 254 Pa. 446; Com. v. Knitting Co., 268 Pa. 266; Com. v. R. R., 268 Pa. 271; Com. v. Electric L., H. & P. Co., 268 Pa. 290.

This declaration of intention applies only where there is an actual or apparent conflict between the subject of taxation enumerated in section 1 and those enumerated in section 17 (see Com. v. Megargee Bros., 275 Pa. 12, 16-17). It does not in any wise broaden or extend the language of section 17. It merely declares that if any given subject falls within the language of section 17, it shall be taxed under that section, even though it also falls within section 1: Com. v. Phila. R. T. Co., 287 Pa. 190.

*Philip S. Moyer,* Deputy Attorney General, and *Thomas J. Baldrige,* Attorney General, for the Commonwealth, made no oral argument.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

Appellant's counsel state the question involved on this appeal to be: Does section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, impose a tax for state purposes upon accounts which are recorded on the books of a corporation and on which it pays interest, but which are not evidenced by any paper, document, credit memorandum, written acknowledgment or any substitute therefor, given by the debtor corporation to its creditor? The learned president judge of the court below, whose experience in and familiarity with questions of state taxation have been most unusual, answered this question affirmatively and held defendant liable to the tax; from the judgment entered it brings this appeal.

During the year 1924 appellant paid interest amounting to $41,276.96 to individual residents of Pennsylvania upon overdue active merchandise accounts, which were shown on its books but for which it did not give or issue any obligation or paper of any kind. During the same year defendant paid to James Dobson interest amounting to $4,200. This was paid on a principal sum of $70,000 representing an adjustment of an amount due for his interest in property transferred by him to appellant. This principal sum was entered as a credit to Dobson on the defendant's books, where it has since been carried. He received no writing of any kind from the corporation evidencing the indebtedness.

The Act of July 15, 1919, under which the Commonwealth claims the tax, amending section 17 of the Act of June 17, 1913, omitting immaterial words, reads "All scrip, bonds, certificates and evidences of indebtedness issued and all scrip, bonds, certificates and evidences of indebtedness assumed, *or on which interest shall be paid,* by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other state or of the United States, and doing business in this Commonwealth...... are hereby made taxable......for state purposes, at the rate of four mills on each dollar of the nominal value thereof......It is the intent of this act that all scrip, bonds, certificates and evidences of indebtedness made taxable under this section are not taxable under section one of the act to which this is an amendment, and that only such scrip, bonds, certificates and evidences of indebtedness which cannot be made taxable under this section are to be taxed under section one of said act."

Appellant's counsel open the argument in their brief, after quoting the relevant parts of the act, with the statement that the subjects taxed by it are "scrip, bonds, certificates and evidences of indebtedness issued, assumed *and* on which interest was paid." The act, however, does not so read; it speaks of "evidences of indebt-

edness issued" "and evidences of indebtedness assumed *or* on which interest shall be paid." In other words it classifies evidences of indebtedness of three kinds upon which tax is to be paid; those that are issued by a corporation, those which are assumed by it and those on which it pays interest. If the conjunction "and" were used instead of "or," there might be merit in appellant's contention, because it could then be argued with much plausibility that the phrase "and on which interest shall be paid" is one modifying those which go before and that not only must the evidences of indebtedness be issued or assumed but interest must be paid on them before they are taxable. The act, however, is not so written as to sustain this argument.

It remains to inquire whether the entries in appellant's books are evidences of indebtedness. We think there can be no question as to this; appearing as they do on its own books of account they would be receivable in any proceeding where the question was in controversy as evidences of indebtedness to the persons to whom the money was due.

Appellant's argument proceeds along lines assuming that what was intended to be covered by the act is some outstanding evidence of indebtedness. As pointed out by the court below, the Act of 1919 does not use the word "outstanding" in connection with evidences of indebtedness on which interest shall be paid; it adds this class to others taxable under the Act of 1913. Quoting from the opinion of the court below, "The amendment of 1919 particularly enlarged the taxable class from those which were 'issued' to those which were 'issued, assumed, or on which interest shall be paid.'" We think the manifest purpose of the legislature was to tax all indebtedness of corporations, however evidenced, and thus to place them all on an equality so far as loan taxes are concerned, otherwise a corporation which had borrowed money and given an obligation for it would be taxed,

whereas one which had borrowed a like sum and made an entry thereof upon its books would escape the tax.

No elaborate citation of the many cases dealing with subjects of state taxation would seem to be required in the present instance as the liability of appellant for the tax assessed against it seems to our minds an obvious one under the wording of the act. A comprehensive review of the pertinent authorities will be found in the opinion of Judge KELLER in Phila. Co. for Guaranteeing Mortgages v. Guaranty Realty Co., 78 Pa. Superior Ct. 258, in which the very act which we are now considering, the amending act of 1919, was the subject of controversy.

The judgment is affirmed.