## Commonwealth *v.* Peoples Natural Gas Co., Appellant.

Argued May 27, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Douglass D. Storey,* with him *Edward M. Borger* and *Berne H. Evans,* for appellant.—The intent of the amendment of 1919 is evident and this court has repeatedly held that if a private corporation pays the interest because of an outstanding evidence of indebtedness of it or its property, the tax is laid under section 17 and must be collected by the corporation and paid into the state treasury: Com. v. Megargee Bros., 275 Pa. 12; Com. v. Woolen Co., 290 Pa. 526.

There may be corporate obligations which call for the payment of interest and yet which are not "evidences of indebtedness" because no indebtedness exists.

Indebtedness has been defined as "a fixed and certain obligation to pay money or some other valuable thing or things, either in the present or in the future": City of Erie App., 91 Pa. 398, 402; In re Phila. Co. for Guaranteeing Mortgages, 18 Pa. Dist. R. 805.

*Philip S. Moyer,* Deputy Attorney General, with him *Cyrus E. Woods,* Attorney General, for appellee.—Deposits here in question are "evidences of indebtedness" under section 17 of Act of June 17, 1913, P. L. 507, amended by Act of July 15, 1919, P. L. 955: Com. Jacob Reed's Sons, 275 Pa. 20; Phila. Co. for Guaranteeing Mortgages v. Realty Co., 78 Pa. Superior Ct. 258; Com. v. Woolen Co., 290 Pa. 526.

OPINION BY MR. JUSTICE SCHAFFER, June 21, 1930:

Defendant gas company requiring a prospective customer intending to consume gas, who has not established his credit, to make a cash deposit, usually five dollars, as security for future gas consumed, gave him a receipt containing an agreement that when the supply of gas has been discontinued and all bills due the company have been paid, upon the return of the receipt properly endorsed, the deposit will be refunded with interest at the rate of six per cent per annum to the date of disconnection. Deposits so made are credited

on the company's books to the customer and the interest is either paid to him in cash or credited on his bills. The question which this record propounds to us is, Are such deposits "evidences of indebtedness" within the purview of section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, so as to make the corporation liable for the collection of a corporate loan tax thereon? The court below answered that they are and this appeal by defendant followed.

The stipulation of facts filed shows that in its report to the auditor general for the tax year in question, defendant made return that it had paid interest on such deposits amounting to $15,196.27. The taxing authorities capitalized this sum at six per cent, amounting to $253,271.00, and assessed the four mills tax thereon.

The act of assembly as amended, omitting the wording which is immaterial, is as follows: "That all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, *or on which interest shall be paid,* by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other state or of the United States, and doing business in this Commonwealth......are hereby made taxable......for State purposes, at the rate of four mills on each dollar of the nominal value thereof: ......It is the intent of this act that all scrip, bonds, certificates and evidences of indebtedness made taxable under this section are not taxable under section one (1) of the act to which this is an amendment, and that only such scrip, bonds, certificates and evidences of indebtedness which cannot be made taxable under this section are to be taxed under section one (1) of said act."

In its printed argument appellant states that its sole contention is that it never was indebted to the holders of these deposit receipts, and that therefore they could not be "evidences of indebtedness"; it admits that if

the relationship of creditor and debtor existed, the deposit receipts are sufficient evidences of indebtedness. If the placing of the deposit with defendant did not create the relationship of creditor and debtor, it is difficult to say what other relation was established. If instead of 50,000 persons having deposited five dollars each, one individual had turned over to the defendant $250,000 under like conditions, it paying interest to him, it is not apparent to us why he would not be its creditor or why it could not be, in the words of the act, "indebtedness on which interest shall be paid." The circumstance that a large number of persons make the deposits cannot alter the relation which is established between the corporation and them and make it different from what it would be with a single individual. Nor do we understand why the fact that the deposit is required by the company and authorized by law, and that certain events must transpire before the deposit is repayable should, as appellent contends for, make the deposit any the less an indebtedness. If the manifest purpose of the legislature was to tax "all indebtedness of corporations, however evidenced, and thus to place them all on an equality so far as loan taxes are concerned," as we said it was in Commonwealth v. Imperial Woolen Co., 290 Pa. 526, that purpose can be carried out and that equality be maintained only by subjecting the deposits in question to the tax. We think that case determinative of this one.

The judgment is affirmed.