## Corporate Loans Tax on Bank Deposits

MOYER, Deputy Attorney General, August 19, 1933.—You have asked to be advised whether deposits in incorporated banks, upon which interest is paid, are subject to corporate loans tax under the provisions of section 17 of the Act of June 17, 1913, P. L. 507, as amended.

The Act of July 15, 1919, P. L. 955, amended section 17 of said Act of 1913 as indicated by the words in italics in the following passage therefrom:

"Section 17. That all scrip, bonds, certificates *and evidences* of indebtedness issued, *and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid,* by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other State or of the United States, and doing business in this Commonwealth, and all scrip, bonds, certificates, *and evidences* of indebtedness issued, *and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid,* by any county, city, borough, township, school district, or incorporated district of this Commonwealth are hereby made taxable in the year

one thousand nine hundred and *nineteen,* and annually thereafter, for State purposes, at the rate of four mills on each dollar of the nominal value thereof: . . ."

and by adding at the end thereof the following paragraph:

"*It is the intent of this act that all scrip, bonds, certificates, and evidences of indebtedness made taxable under this section are not taxable under section one (1) of the act to which this is an amendment, and that only such scrip, bonds, certificates, and evidences of indebtedness which cannot be made taxable under this section are to be taxed under section one (1) of said act.*"

In Commonwealth v. Jacob Reed's Sons, Inc., 25 Dauphin, 117 (1922), affirmed in 275 Pa. 20 (1922), Judge Hargest reviewed at some length the history of our legislation taxing personal property, showing exactly how the distinction between the "personal property tax" and the "tax on loans" came to be made. As it gradually evolved up to the time of the passage of the Act of 1913, the "tax on loans" clearly embraced all of the debts of private corporations upon which interest was paid. Judge Hargest said (at page 123):

"So it is apparent that the Legislature by these various Acts, as indicated by the cases above cited, and many other cases to which reference is unnecessary, intended to separate personal property for taxation *into two classes,* although the subjects were enumerated in the same section of the Act of Assembly. The one class came to be known as the 'tax on loans' and, as indicated by the two cases above referred to, *embraced the debts of private corporations.* It was intended to embrace *all of such debts,* and from the passage of the Act of 1885, wherein the taxable was directed not to return to the local assessor for taxation the obligations of corporations, down to the passage of the Act of 1913, such obligations, if taxed at all, were taxed as loans, and the tax paid by the corporation, as the collector thereof. The other class, as the Supreme Court have said in the case of Commonwealth v. Lehigh Valley R. R. Co., supra [129 Pa. 429], was 'the residue of the general class, except the bonds of municipal corporations.' . . ." (Italics ours.)

As explained by Judge Hargest in his opinion, great confusion arose between sections 1 and 17 of the Act of 1913, because the language of both sections overlapped and taxed the same kind of property. The obvious intention of the legislature in passing the Act of 1919 was not only to return to the system of taxing indebtedness in force prior to the Act of 1913, but also to enlarge the subjects of taxation for State purposes by including all corporate indebtedness, however evidenced, provided interest was paid thereon.

This is supported by the opinion of the Supreme Court in Commonwealth v. Imperial Woolen Company, 290 Pa. 526 (1927). In that case, the question arose whether section 17 of the Act of 1913, as amended by the Act of 1919, imposed a tax for State purposes upon accounts recorded on the books of a corporation and on which it paid interest but which were not evidenced by any paper, document, credit memorandum, written acknowledgment, or any substitute therefor, given or issued by a debtor corporation to its creditor. Referring to the Act of 1919, the Supreme Court said (page 529):

". . . it classifies evidences of indebtedness of three kinds upon which tax is to be paid; those that are issued by a corporation, those which are assumed by it and those on which it pays interest. . . . We think the manifest purpose of the legislature was *to tax all indebtedness of corporations, however evidenced,* and thus to place them all on an equality so far as loan taxes are concerned, otherwise a corporation which had borrowed money and given an obligation for it would be taxed, whereas one which had borrowed a like sum and made an entry thereof upon its books would escape the tax." (Italics ours.)

In Commonwealth v. Peoples Natural Gas Company, 301 Pa. 120 (1930), the Supreme Court affirmed the principle laid down in the Imperial Woolen Company case, that the purpose of the legislature as indicated in the Act of 1919 was to tax ". . . 'all indebtedness of corporations, however evidenced, . . .' " upon which interest was paid. In this case, cash deposits made by customers with a gas company in order to establish credit, under an agreement to refund the amount of the deposit with interest upon the fulfilment of the customer's obligations to the company, were held subject to the loans tax under section 17 of said Act of 1913 as amended by the Act of 1919.

Foley's Estate, 17 D. & C. 311 (1932), holding that a bank account which bore interest at 2 percent was liable for personal property tax under section 1 of the Act of 1913, gave no consideration to any of the decided cases on section 17, and therefore can have no application to your question.

The Act of April 21, 1933, P. L. 54, amends section 1 of said Act of 1913 as indicated by the words in italics in the first proviso of the section as follows:

". . . Provided, That this section shall not apply to bank notes, or notes discounted or negotiated by any bank or banking institution, savings institution, or trust company, nor to loans, shares of stock, or other securities, held by bankers or brokers solely for trading purposes, nor to accounts or debit balances owing by customers of bankers or brokers in the usual courses of business, *nor to interest bearing accounts in any bank or banking institution, savings institution, or trust company:* . . ."

In view of the fact that this amendment of 1933 expressly removes "interest bearing accounts in any bank or banking institution, savings institution or trust company" from taxation under section 1, it definitely eliminates any doubt as to whether these interest-bearing deposits are taxable under section 1.

It is unnecessary to cite authorities in support of the principle that the relationship of creditor and debtor exists between a bank and its depositors. As stated by the Supreme Court in Commonwealth v. Peoples Natural Gas Company, supra, "if the placing of the deposit with defendant did not create the relationship of creditor and debtor, it is difficult to say what other relation was established."

Therefore, we are of the opinion and you are advised that deposits in incorporated banks, upon which interest is paid, are subject to corporate loans tax under the provisions of section 17 of the Act of June 17, 1913, P. L. 507, as amended.                                        From C. P. Addams, Harrisburg, Pa.