Richardson, to use, Appellant, *v.* First
Brethren Church.

Argued March 19, 1934. Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*F. C. Newcomer,* for appellant.

*E. C. Higbee,* with him *C. L. Lewellyn,* of *Higbee, Matthews & Lewellyn,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 9, 1934:

This is a case stated involving the validity of a bond executed by the trustees of defendant church. The bond accompanied a mortgage. The court below held the bond and the judgment entered thereon invalid and entered judgment for defendant. Plaintiffs appeal.

It is recited in the case stated that defendant is a corporation formed for the purpose of religious worship, that one Richardson offered to sell and convey to it a lot of land situate in the City of Uniontown, that at a meeting of the congregation of defendant a resolution was passed for the purchase of the property and that thereafter Richardson reduced his offer to writing. It is set forth that subsequently he and his wife executed a deed to defendant, and its officers and trustees executed to him a mortgage for $5,000 and an accompanying bond for like amount, which Richardson subsequently assigned to John M. Robinson and Howard Van Bremen. The assignees by virtue of the warrant of attorney in the bond caused judgment to be entered against the defendant church, and its other property was levied upon.

The opinion and judgment of the court below was sought on the question whether plaintiffs are entitled to have a personal judgment against defendant. The court determined that they are not. This conclusion is correct.

In the congregational resolution authorizing the trustees to purchase the property and to give a mortgage to the seller for part of the consideration, nothing was mentioned about a bond. It recited that a certain sum should be paid down "and balance on first mortgage." In the written offer by Richardson certain cash payments are provided for "and the balance by first mortgage on the premises." Nothing is said about a bond.

In the absence of authority from the congregation to execute such an obligation the officers and trustees could not bind the church by signing it. The mortgage recited the resolution of the congregation, and the mortgagee and his assignees were visited with knowledge that it did not contemplate the giving of a bond.

It is argued in appellants' brief that it is the custom in Fayette County for bonds to accompany mortgages and therefore the giving of a bond should be implied. If there be such a custom it is not set forth in the case stated. What does not appear in a case stated is presumed, so far as the courts are concerned, not to exist: Schuldt v. Reading Trust Co., 270 Pa. 360, 366; Com. v. Jacob Reed's Sons, 275 Pa. 20, 21.

The judgment is affirmed.