## Stewart Motor Truck, Inc., v. Henckel et al.

*Morrow & Sturgis,* for plaintiff.

*Thomas A. Waggoner, Jr.,* and *Frank R. Crow, Jr.,* for defendants.

*Parshall & Parshall,* for garnishee.

CARR, J., March 5, 1938.—This is a case stated, and involves the question whether a bank account standing in the name of a business firm, and authorized to be drawn upon by checks of the firm subscribed by either of two

persons, who are husband and wife, is a tenancy by entireties. The controversy arises by reason of an attachment execution issued by a judgment creditor of the husband and served upon the bank, and the answers of the bank to the interrogatories filed by plaintiff.

At no. 113, March term, 1933, judgment was entered in the Court of Common Pleas of Fayette County against Elmer R. Henckel, defendant, by Stewart Motor Truck, Inc., plaintiff, pursuant to a warrant contained in a promissory note dated Uniontown, Pa., May 31, 1932, in the amount of $661.50, with interest thereon from May 31, 1932.

On March 4, 1937, plaintiff sued out a writ of attachment execution and directed the sheriff to attach and levy on all and singular the goods, chattels, rights and credits, moneys and property whatsoever belonging to defendant in whose hands the same may be, and especially in the hands of Kendall Coal Company and Second National Bank of Uniontown.

On April 21, 1937, plaintiff entered a rule on Second National Bank of Uniontown, garnishee, to file answers to the interrogatories, to which the garnishee replied on April 22, 1937, that it had had business transactions with defendant, and on the date the writ of attachment was served it was indebted upon a checking account carried in the name of Henckel Lumber Company, care of Elmer R. Henckel, Farmington, Pa., in the amount of $2,468.39. Attached to the answers was a signature card.

The parties have stipulated that if the court be of opinion that the said bank account creates an estate by entireties, then judgment should be entered for defendant and garnishee, Second National Bank of Uniontown, and the attachment dissolved; otherwise judgment should be entered for plaintiff against Second National Bank of Uniontown in the amount of $661.50, with interest thereon from May 31, 1932, all costs to follow the judgment; the right to appeal being reserved.

From the statement of the case we make the following

*Findings of fact*

1. On March 10, 1937, the date when the writ of attachment execution was served upon the garnishee, the garnishee had in its possession the sum of $2,468.39 in a bank account in the name of "Henckel Lumber Company, care of Elmer R. Henckel, Farmington, Pa."

2. Withdrawals from said account were authorized to be made by the check of Henckel Lumber Company subscribed by either Elmer R. Henckel, defendant, or Mrs. Lottie Henckel.

3. Elmer R. Henckel and Lottie Henckel are and at the time of the establishment of the bank account in question were husband and wife.

4. The garnishee bank honored checks drawn prior to March 10, 1937, against the said deposit account in the course of business of Henckel Lumber Company and signed in the name of Henckel Lumber Company and subscribed by either defendant or his wife.

5. In the files of the bank was a signature card, on the face of which were written by defendant and his wife their genuine signatures, which the bank was authorized to recognize in the payment of funds or the transaction of other business in connection with the account. The face of the signature card is as follows:

"To SECOND NATIONAL BANK, UNIONTOWN, PA.

Below are duly authorized signatures, which you will recognize in the payment of funds or the transaction of other business on my or our accounts

| | | |
|---|---|---|
| The Firm or | | |
| Individual's | Henkel Lumber Co. | |
| Signature | | |
| Signature | Elmer R. Henckel | |
| Two Name | | |
| Signature | or | |
| Signature | Mrs. Lottie Henckel | |
| Address | Farmington | |
| Date | Business | Introduced By". |

6. Printed on the back of the signature card was the following form, undated and unsigned:

"To SECOND NATIONAL BANK, UNIONTOWN, PA.

Joint Account—Payable to Either or Survivor ·

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with the right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon our heirs, next of kin, legatees, assigns and personal representatives.

"Payment to or on check of the survivor shall be subject to the laws relating to inheritance and succession taxes and all rules and regulations made pursuant thereto.

"Witness our hands and seals this . . . . day of . . . . . . . . 19 . . . .

WITNESS:

. . . . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . . . . (SEAL)

. . . . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . . . . (SEAL) "

### Discussion

To conclude that this account is an estate by entireties we must discover five unities, viz., those of interest, title, time, possession, and person. We perceive no certain unity except that of time. We cannot exclude the possibility that the husband may be the sole owner of the account, or that it may be solely owned by the wife, or that they may own it by moieties and not by entireties, or that other persons may have interests. The account may be the property of an individual, a partnership, or a corporation.

The case as stated does not disclose: (a) Who composed the Henckel Lumber Company; (b) what kind of

association it was; (c) whether Mrs. Henckel had any interest in it; or (d) the source of the funds deposited. We are not here presented with any instrument creating the estate, from the wording of which we could find title, as was the case in Spracales Estate, 83 Pitts. 293.

An estate by entireties must be held in the names of husband and wife and no others: Mauser et al. v. Mauser et ux., 326 Pa. 257. An intention to create an entirety cannot be assumed from the deposit in the name of Henckel Lumber Company, as would be the case had the deposit been in the joint names of husband and wife or of husband or wife. Nor do we think that the mere signatory power held by the wife raises any presumption of ownership. This is a common custom in regard to all kinds of accounts, for convenience alone. Again, it cannot be assumed that it was intended that she should exercise such signatory power to withdraw funds from the account for her own use: Flanagan, Admr., v. Nash, 185 Pa. 41.

We are asked by defendant to hold that the unsigned form printed on the back of the signature card was a contract between defendant and his wife creating an estate by entireties. The difficulty with defendant's contention in this respect is twofold:

(1) The printed form on the back of the signature card was not signed by defendant or his wife, although the form itself contained appropriate blank lines for their signatures, followed by the word "(Seal)", and contained other lines for the signatures of witnesses. These unused signature lines were just below the words "Witness our hands and seals this....day of........19..". Their failure to sign this contract when they might so readily have done so, had it been their intention to create an estate by entireties, is significant. The only fair inference is that they did not sign it because it did not express their intention.

(2) The face of the signature card which they signed contained no internal reference to the printing on the back.

If it was the intention of defendant and his wife to create an estate by entireties, it has not been established by the agreed statement of facts: Steininger v. Hoch's Exec., 39 Pa. 263. We cannot go beyond the facts as stated, and what does not appear in the statement of the case must be presumed not to exist: Richardson, to use, v. First Brethren Church, 314 Pa. 423.

All we can say is that the facts disclosed by the record are insufficient to permit us to conclude that this bank account was held by entireties.

In view of the stipulation contained in the case stated, to the effect that unless we can conclude that the bank account creates an estate by entireties judgment should be entered for plaintiff, we state the following:

### Conclusions of law

1. The said bank account was not held by defendant and his wife as tenants by entireties.

2. The account was subject to the attachment execution served upon the garnishee on March 10, 1937.

3. Plaintiff is entitled to judgment against the garnishee in the amount of $661.50, with interest from May 31, 1932.

4. The garnishee is entitled to have awarded to it an attorney's fee of $10.

5. The costs accrued and to accrue shall follow the judgment in favor of plaintiff.

### Order

And now, March 5, 1938, notice of the filing of this opinion, findings of fact, and conclusions of law shall be given by the prothonotary to the respective parties or their counsel, and if no exceptions are filed thereto in the proper office within 10 days after the receipt of such no-

tice judgment shall be entered thereon in favor of plaintiff and against the garnishee in the sum of $661.50, with interest thereon from May 31, 1932, and costs of suit.