## CITY OF PHILADELPHIA v. PENNSYL-VANIA CO. FOR INSURANCES ON LIVES & GRANTING ANNUITIES.

### No. 6653.

Circuit Court of Appeals, Third Circuit.

July 1, 1938.

Abraham Wernick and Joseph Sharfsin, both of Philadelphia, Pa., for appellant.

Saul, Ewing, Remick & Saul and Francis H. Bohlen, Jr., all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In this case it appears that the Mortgage Company of Pennsylvania (subsequently merged with the Philadelphia Company for Guaranteeing Mortgages) assigned to the predecessor of the Pennsylvania Company certain mortgages aggregating $2,000,000 or more. The purpose of the transfer was to secure bonds in the aggregate amount of $2,000,000, which the Mortgage Company issued. Defaults occurred in the payment of interest upon the bonds so secured, receivers were appointed for the Philadelphia Company, and, under a decree of the Court below the Pennsylvania Company sold the mortgages, etc., at public auction in pursuance of a plan of reorganization of the Philadelphia Company. All interest of the Philadelphia Company in the mortgages was, by authority of another decree of that court conveyed to the Mortgage Service Company. At the audit of the account of the Pennsylvania Company, after the public sale, the City of Philadelphia presented its claim for the taxes hereinafter referred to. This claim was not allowed. Whereupon the City took this appeal.

Two questions are here involved. First: Were the mortgages and judgments collateral for the bonds of The Mortgage Company of Pennsylvania issued under its Indenture dated as of October 1, 1928, as supplemented, or were they held by the appellee as trustee? On that question the Court held:

"On the whole I am of the opinion that the assignments of the mortgages together with the indentures amounted in law to a pledge of securities for the benefit of the bondholders as collateral for their bonds.

"This being so, the decision of the Pennsylvania Supreme Court in Com. v. Buffalo & Lake Erie Traction Company, 233 Pa. 79, 81 A. 932, is directly applicable. That decision holds that pledged bonds are 'owned' by the pledgor rather than

the pledgee. In accordance with this decision it has been the practice in Pennsylvania for many years to collect the tax from pledgors rather than pledgees. The basis of the entire system is legal ownership.

\* \* \* \* \* \*

"It is significant that, in case of default, the only remedy given to the Pennsylvania Company in respect of the securities is the right to sell them at public sale after due notice to the Mortgage Company. They may not be taken by it and distributed in specie among the bondholders, nor may any other attribute of ownership be assumed by the trustee."

Further stating, it held:

"Of course, the Pennsylvania Company was a trustee for the bondholders in respect of whatever equitable interests they had in the mortgages. It by no means follows that it was also a trustee for the owner of the mortgages, or that it held the legal title in trust for it. Its duties were to authenticate the bonds, to see that they were not issued in excess of the authorized· amount, to ascertain that the mortgages in its hands met the requirements of the indentures, that proper collateral was substituted in case of any withdrawal, and, upon collection of the principal of any mortgage to see that proper substitution was made. It had the right to foreclose mortgages which were in default.

"However, we are not concerned with its relationship with the bondholders. What is involved here is the nature of its interest in the mortgages themselves, and the capacity in which it received them from the Mortgage Company."

Seeing then that the Pennsylvania Company was a trustee and not an owner, the second question involved was thus stated by the court as follows:

"The question involved is whether the funds in the hands of the Pennsylvania Company which arose from the public sale of certain mortgages and judgments, assigned to it as collateral for a bond issue, are liable for the Pennsylvania personal property tax for county and city purposes, imposed by Section 1 of the Act of June 17, 1913, P.L. 507, as finally amended by the Act of April 21, 1933, P.L. 54 [72 P.S.Pa. § 4821, 4821 note].

"The Act, so far as pertinent to this question, taxes mortgages and judgments 'owned, held or possessed' by any corporation 'in \* \* \* its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit, or advantage of any other \* \* corporation.' The specific question involved is whether these mortgages were owned, held, or possessed by the Pennsylvania Company as active trustee, or, if not, whether they were held by 'in any other capacity' within the meaning of that phrase as used in the Act. Concededly, they were not owned or held in its own right or as agent or attorney in fact. The Pennsylvania Company contends that it held the mortgages in question as pledgee only."

After discussing the state taxing statute, the court held:

"Three considerations lead me to the conclusion that this clause was not intended to extend the taxing act to cover a case of pledged collateral, like that now before the Court.

"First: The sovereign, having the power to tax whatever objects it pleases, the presumption is that its expressed exercise of it is coextensive with its purpose, and the language which it has chosen will not be extended by implication. Taxing statutes are always construed strictly in favor of the taxpayer. This is a fundamental rule. See Com. v. Philadelphia Rapid Transit Company, 287 Pa. 190, 134 A. 455; General Assembly v. Gratz, 139 Pa. 497, 20 A. 1041 (in which the principle of strict construction was applied to a personal property tax); In re Buhl's Estate, 300 Pa. 29, 150 A. 86.

"Second: A construction which would result in double taxation is to be avoided. Fidelity Company v. Loughlin, 139 Pa. 612, 21 A. 163; Com. v. Megargee Bros., 275 Pa. 12, 118 A. 541; In re Arrott's Estate, 322 Pa. 367, 185 A. 697. In the present case the bondholders of the Mortgage Company are taxed upon the bonds for state purposes by Section 17 of the Personal Property Tax Law, 72 P.S.Pa. § 3250—10. It is true that this tax is collected and paid by the corporation and that in some cases the bondholders may be relieved of it by the terms of their bonds, but that is ·a matter of contract between them and their debtor rather than the incidence of the tax, which is imposed ·upon their ownership of the bonds. Obviously, if this county tax is sustained, the Pennsylvania Company will not be

541

personally liable for it and it will of necessity fall upon the bondholders."

After argument and full consideration, we find ourselves in accord with the holding of the court's decree denying the tax claim of the City.