# Commonwealth, Appellant, *v.* Lancaster Electric Light, Heat & Power Company.

*Taxation—State—Corporate indebtedness — Loan tax — Act of June 17, 1913, section 17, P. L. 507, 516—Book statement—Duty to collect tax—Neglect—Liability.*

1. A corporation is not taxable for state purposes on an indebtedness not represented by any obligation given by it to the person to whom the indebtedness is due, but appearing only in a statement contained in the company's books as cash advanced to it, under section 17, Act of June 17, 1913, P. L. 507, 516, imposing a tax on corporate "scrip, bonds or certificates of indebtedness," inasmuch as section 1 of the same act imposes a tax for county purposes generally on indebtedness howsoever it may be evidenced, except such loans as are made taxable by section 17 of the act.

2. The liability of a corporation for the tax imposed under section 17 of the Act of 1913, arises out of its failure or neglect to assess and collect it from the holder of the indebtedness.

3. Section 17 of the Act of 1913, imposes no duty on a corporation to collect a tax on an indebtedness not represented by any obligation given by it to the person to whom the indebtedness is due.

Argued May 25, 1920. Appeal, No. 2, May T., 1920, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket 1918, No. 30, for defendant, on appeal from tax settlement in case of Commonwealth v. Lancaster Electric Light, Heat and Power Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal by defendant from an account settled by the auditor general and State treasurer for tax on corporate indebtedness. Before KUNKEL, P. J.

By agreement of the parties the case was tried by the court without a jury.

The court entered judgment for defendant for reasons stated in the following opinion by KUNKEL, P. J.:

This is an appeal by the defendant company from the settlement of an account against it for the loan tax for the year 1914. By agreement of the parties it was tried by the court without a jury. The facts have been agreed upon in a stipulation filed by the parties in the case.

The sole question presented is that of the defendant's liability for the tax on its indebtedness not represented by any obligation given by it to the person to whom the indebtedness was due, but appearing only in a statement contained in the company's books as cash advanced to it.

Section 1, of the Act of June 17, 1913, P. L. 507, imposes a tax for county purposes generally on indebtedness howsoever it may be evidenced, but excepts out of its provisions such loans as are made taxable by section 17 of the act. Section 17 imposes a tax upon corporate "scrip, bonds and certificates of indebtedness" for state purposes and section 18, directs that such tax shall be collected as theretofore, that is, by the corporation, as provided by section 4, of the Act of June 30, 1885, P. L. 193. It is quite manifest that the indebtedness upon which the Commonwealth claims the tax, does not fall within the description of the subjects found in section 17, "scrip, bonds or certificates of indebtedness." It is not evidenced by any such instruments or obligations. If not taxable under section 17, there was no duty resting upon the defendant company to collect the tax thereon. Its liability for the tax could only arise out of its failure or neglect to assess and collect it. The indebtedness is covered rather by the general language of section 1, and is not taken therefrom by the exception of the subjects made taxable by section 17.

We conclude:

1. That the indebtedness as evidenced by the notation on the defendant company's books as cash advanced, was not subject to the loans tax for state purposes, imposed by section 17, of the Act of June 17, 1913.

2. That such indebtedness is made taxable by section 1, for county purposes.

3. That it was not the duty of the defendant company to collect the tax thereon.

4. That the tax thereon was collectible by the local authorities.

5. That the settlement against the defendant company for the tax is without authority of law.

6. That the defendant is entitled to judgment.

Wherefore, judgment is directed to be entered against the Commonwealth and in favor of the defendant, unless exceptions be filed within the time limited by law.

Judgment was entered accordingly. The Commonwealth appealed.

*Errors assigned* were (1-6) overruling exceptions to findings, and (7) above judgment, quoting record.

*Wm. M. Hargest,* Deputy Attorney General, with him *William I. Schaffer,* Attorney General, for appellant.

*Ralph J. Baker,* of *Hause & Baker,* with him *Douglass D. Storey,* for appellee.

PER CURIAM, June 26, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below directing it to be entered.