## Dunion's Estate

Before Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Walter B. Gibbons*, for exceptant; *Wessel, Bennett & Weiss*, contra.

VAN DUSEN, J., February 17, 1933.—The will devised No. 863 North Forty-eighth Street. At the audit the court refused to hear evidence to the effect that this was a mistake for No. 861. What decree was requested does not appear. But this court has no jurisdiction of such question, and could not make any decree after hearing the evidence. The second exception is dismissed.

The account contained a credit for "inheritance tax $866.73." The will contains a "tax free" clause which is broad enough to include inheritance tax on real estate. By the inheritance tax voucher produced to the auditing judge, it appeared that tax had been paid on real estate, $360. The auditing judge said: "As nothing is included in this account except personalty, the credit for tax is reduced to the extent that it represents tax paid on the real estate." However, the adjudication reveals that testatrix did own real estate.

What was evidently in the mind of the auditing judge was that the direction in a will to pay inheritance tax out of the general estate is in substance an additional legacy in favor of the legatees, who would otherwise have to pay their own taxes. It would promote clarity if in stating accounts the payment of tax in all cases was treated as a distribution. In this case there is not enough personal estate to pay legacies in full. The deduction of tax on the personal estate from the general balance before awarding legacies is the equivalent of a proportionate distribution to each legatee. The direction to pay the tax on real

estate is in effect a general legacy to the devisee of the real estate: Greaves's Estate, 29 Dist. R. 577. It is not payable to him directly, but is payable for his benefit, and as there is no award to him, it makes no difference who he is. At this point, then, the alleged mistake of No. 863 for No. 861 is immaterial.

Exceptions Nos. 1 and 3 are sustained in part and the adjudication is modified by directing that in making distribution pro rata among the legatees an item of $360, the amount of the tax on the real estate paid by the executor, is to be treated like a legacy, and the executor is then entitled to a credit in distribution to the extent of the dividend thereon. For the balance of the $360 the executor must look to the devisee, whoever he may be, for reimbursement. As so modified, the adjudication is confirmed absolutely.