Estate of Henry Scheutz, Jr., Deceased.

Argued May 4, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Boyd Duff, Jr.,* for appellant.

*Thomas E. Whitten,* Assistant County Solicitor, for appellee.

Opinion by Keller, J., October 3, 1934:

The question raised by this appeal is whether the County of Allegheny is entitled to collect a four mill tax on interest bearing deposits in incorporated banks for the years 1928, 1929, 1930, 1931 and 1932. The court below held that it was.

Prior to the Act of June 17, 1913, P. L. 507, for many years, the tax imposed on money at interest was a State tax. It was collected in two ways: (1) With respect to the tax on moneys borrowed and owing by domestic corporations, and foreign corporations doing business in this Commonwealth, the corporation, through its treasurer, made an annual report to the auditor general setting forth the amount of its interest bearing loans held by residents of this Commonwealth, and the tax was levied on the amount so settled, and the corporation, as the agent of the Commonwealth, was required to deduct the tax from the interest paid to its loan creditors and remit the same to the state treasurer. (2) With respect to all other loans and interest bearing accounts, the tax was levied and collected for the state by the county in which the creditor resided, on the basis of a return made to the assessor by the person taxable, of taxable money at interest; or for want of such return, on the basis of an assessment made by the assessor from the sources of information at his command. By various amendments and supplements engrafted on the law, the State returned to the several counties a proportion of the taxes thus collected by them for the State's account. The tax was, however, a State tax. See Phila. Co. for Guaranteeing Mortgages v. Guaranty Realty Co., 78 Pa. Superior Ct. 258, for a fuller review of the legislation involved.

The Act of 1913 changed this. It provided, inter alia, that beginning with 1914 the tax levied and collected in the second class above-mentioned should be for county purposes; while that levied and collected in the first class—that is, from returns made by corporations as agents of the Commonwealth—remained a State tax for State purposes. The subjects taxable for county purposes are set forth in the first section of the Act; those taxable for State purposes are set forth in the 17th section. Included in the first section, inter alia, are "all ...... accounts bearing interest; ...... all other moneyed capital in the hands of individual citizens of the State." It also included "all loans issued by any corporation ...... except such loans as are made taxable for State purposes by section seventeen." The 17th section provided, inter alia, "That all scrip, bonds, or certificates of indebtedness issued by any and every private corporation, incorporated or created under the laws of this Commonwealth, or the laws of any other State or of the United States, and doing business in this Commonwealth, ...... are hereby made taxable in the year 1914 and annually thereafter for State purposes ....... And ...... none of the classes of property made taxable by this section for State purposes shall be taxed or taxable for county, school or local purposes." A superficial reading of the statute would apparently show a duplication of taxation in the two sections of certain items of corporate loans, but a more careful study of the whole act will clear this up. There were corporate loans held by individual residents of this Commonwealth which were not embraced within the provisions of Section 17, and all such, and only such, were taxable under Section 1 for county purposes.

Now deposits in banks, while they create the condition of debtor and creditor between the bank and the

depositor, have not, in prior legislative enactments, been included under the term "corporate loans." Where "deposits" have been intended as a subject for legislation, they have been designated as such, rather than as loans or indebtedness of the bank. See Act of April 30, 1864, Sec. 3, repealed by Act of May 1, 1868, P. L. 108, Secs. 11 and 16. The legislation of the State makes a clear distinction between deposits, on the one hand, and bonds, notes, bills payable and other indebtedness on the other. Hence in construing the 17th Section of the Act of 1913 it was natural not to include interest bearing bank deposits in *"scrip, bonds or certificates of indebtedness issued by"* a private corporation; but rather to classify them under "accounts bearing interest" or "all other moneyed capital," made taxable under the first section for county purposes; and both the state and county taxing officials acted accordingly. Interest bearing deposits in incorporated banks, as well as in private banks, were assessed in Allegheny County for county tax purposes under Section 1 and were not required to be returned to the State by the incorporated bank as included within "scrip, bonds or certificates of indebtedness issued by" the corporation bank. This followed the classification in use before the Act of 1913; such deposits being taxable, if at all, by assessment and collection by the county, as agent for the State, rather than by return to the auditor general by the corporation bank.

Following the Act of 1913 an abuse grew up which required a remedy. A corporation, instead of buying a property and placing a mortgage upon it, would have title taken in the name of an individual, who mortgaged it and then conveyed it to the corporation, subject to the mortgage, which the corporation might assume, or merely pay the interest on the mortgage without a formal assumption. The Supreme Court

held in Com. v. DuPont Land Co., 254 Pa. 446, 98 A. 1047, and Com. v. Lancaster E. L. H. & P. Co., 268 Pa. 290, 110 A. 724, that interest paid by the corporation on such mortgages or indebtedness was not within the 17th section of the Act of 1913 nor taxable for State purposes as 'scrip, bonds or certificates of indebtedness issued by [the] corporation.' On the other hand, as the interest was paid by a corporation, the individual citizen usually did not return it for taxation for county purposes and it escaped taxation altogether. To remedy this the general assembly passed the Act of July 15, 1919, P. L. 955, (since amended by the Act of July 13, 1923, P. L. 1085), which enlarged the subjects of taxation for State purposes under Section 17 of the Act of 1913 so as to read "All scrip, bonds, certificates and evidences of indebtedness issued and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid, by any and every private corporation," etc. See Com. v. Megargee Bros., 275 Pa. 12, 118 A. 541; Com. v. P. R. T. Co., 287 Pa. 190, 134 A. 455; Com. v. Imperial Woolen Co., 290 Pa. 526, 139 A. 199. The amendatory Act of 1923, supra, at considerable length, provided for the giving of notice by the corporation becoming liable for such taxes upon evidences of indebtedness by it assumed, or on which it should pay interest, to the person who might at such time be liable for the payment of any taxes upon such evidences of indebtedness under the first section of the Act of 1913, that the corporation had assumed such indebtedness or the payment of interest thereon and would deduct and pay the taxes imposed thereon by the 17th section as amended; thus showing the mischief which was intended to be remedied by the Act of 1919, and evidencing no intention to transfer bank deposits from the first to the 17th section for taxation. Accordingly both State and county tax au-

thorities continued to treat bank deposits as they had been treated before the Act of 1919, and included them in the subjects for taxation for county purposes under Section 1, and excluded them from the subjects taxable for State purposes under Section 17. This construction of the statute by those charged with its execution is entitled to great weight: United States v. Johnston, 124 U. S. 236, 253; United States v. Cerecedo Hermanos y Compania, 209 U. S. 337, 339; Endlich on Interpretation of Statutes, 360. It continued as the practice until 1933, when it was recognized by the general assembly, in the Act of April 21, 1933, P. L. 54, as correctly interpreting the Act of 1913 and its amendments and supplements. The legislature, with the purpose of relieving bank deposits of the four mill tax, passed the Act of 1933 (P. L. 54) which amended the Act of 1913, by providing, in effect, that thereafter Section 1 (relating to taxation for county purposes) should not apply ''to interest bearing accounts in any bank or banking institution, savings institution or trust company,'' thus showing their previous alignment with 'interest bearing accounts' rather than 'corporate loans and indebtedness.' Appellant calls attention to the fact that by Act of December 22, 1933, of the special session of 1933-4, P. L. 98, the 17th section was amended by the same proviso, but the circumstances connected with its passage make it clear that this later amendment was passed to settle definitely, and beyond question, that after 1933, banking deposits should be wholly exempt from the four mill tax, and not as expressive of the legislative mind that they were previously taxable for State rather than county purposes.

The appellant finally contends that the exemption of such deposits from taxation for county purposes in the Act of 1933, P. L. 54, prevented the collection of such taxes for previous years. The Act of 1933 did

not become effective until June 1, 1933, and it contained the express declaration that "its provisions shall not preclude the collection of any tax assessed on accounts exempted from the provisions of this Act for the year 1933, or any previous year." The amending act shows on its face a clear intent to save all prior taxes from being affected by the enlarged exemption. Furthermore, it relates to taxes, as distinguished from a penalty, which falls with a repeal of the statute imposing it unless specially retained: Hamilton v. Lawrence, 109 Pa. Superior Ct. 344, 350, 167 A. 509.

This case is the converse of Donnelly's Est., 113 Pa. Superior Ct. 274, 173 A. 876, in which we affirmed the decision of the Orphans' Court of Allegheny County, ruling that the Act of 1933, supra, abrogated the right of the county to tax interest bearing bank deposits for county purposes under the first section of the Act of 1913. To sustain the position of appellant in this case would be opposed to the opinion in that case, for if not included in the subjects made taxable for county purposes under Section 1 of the Act of 1913, the Act of 1933 would have nothing to operate on and would be wholly ineffective and purposeless. We are still of the opinion that the decision in Donnelly's Est. was correctly reasoned and decided.

The decree is affirmed at the costs of the appellant.