Loeb Estate.

Argued April 29, 1960. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Ralph S. Snyder,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Paul Maloney,* with him *Knox Henderson,* and *Gordon A. Block,* for appellee.

OPINION BY MR. JUSTICE BELL, June 29, 1960:

Hortense F. Loeb died July 8, 1957, a resident of Montgomery County, leaving a will and codicil, the dates of which do not appear in this record. She made pecuniary bequests totaling approximately $412,-000 to persons standing in a collateral relationship to her. These bequests were taxable at the rate of 15% under §2 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended. Testatrix in the 8th paragraph of her will provided: "All estate, inheritance or succession taxes on my estate and *on any property passing*\* under this will shall be charged against and paid as and when due out of the principal of the residuary trust."\*\*

The executors computed the inheritance tax in accordance with the clear and express directions of the testatrix, and in accordance with the interpretation of the Act and the practice which admittedly has existed in this Commonwealth for 39 years, viz., 15% on

---

\* Italics throughout, ours.

\*\* The residuary estate was bequeathed in trust for charitable purposes. At the time of testatrix's death gifts to charities were and presently are exempt from inheritance tax: Act of May 28, 1956, P. L. 1757, 72 PS §2301.1.

*the specific dollar amount* of each pecuniary legacy bequeathed to a collateral. However, the Department of Revenue computed and calculated the tax in accordance with a new Tax Calculation Directive which treated each tax-free bequest as creating an "additional legacy" which it alleged was likewise taxable under the Act.

The new directive devised by the Commonwealth gives several examples:

" 'Example 1: Testator "X" by Item 6 of his will bequeaths $100,000.00 free and clear of all death and succession taxes to legatee "A". The gross legacy must be determined in order to calculate the proper tax due. Assuming that "A" is a collateral heir, the $100,000.00 represents 85% of the *gross* legacy. In order to determine the gross legacy, it will be necessary to take the net percentage and divide the same into the dollar amount of the net legacy to arrive at the gross legacy, to wit: 85%—$100,000.00—$117,647.05.

" 'Thus, the tax calculation concerning the gift to "A" should be 15% on [an alleged or imaginary legacy of] $117,647.05 and the tax thereon will be $17,647.05 with a net legacy free and clear to "A" of $100,-000.00.' "*

The executors appealed to the Orphans' Court of Montgomery County from the novel (proposition and) calculation of the Revenue Department. From the Decree of the Orphans' Court which sustained the con-

---

* If the tax-free clause in the will of testatrix amounts, as the Commonwealth now contends, to *an additional bequest* by testatrix to the legatee of the amount of the tax—in the example above given $17,647.05—in order to produce a net legacy to "A" of $100,-000.00 free and clear of inheritance taxes, why wouldn't the tax on this additional tax or so-called additional legacy of $17,647.05 be an additional gift or legacy to "A" on which an additional tax must be paid, and so on ad infinitum.

tention of the executors, the Commonwealth has taken this appeal.

It is important and necessary to examine the Pennsylvania Transfer Inheritance Tax Act of June 20, 1919, as amended, in order to determine its meaning. The Act pertinently provides: "Section 1. A tax . . . is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein* to persons or corporations in the following cases:"

"Section 2. All taxes imposed by this act shall be at the rate of two per centum *upon the clear value* of the property subject to such tax *passing to* or for the use of father, mother, husband, wife, children, lineal descendants born in lawful wedlock, . . . [and 15% to more remote relatives]."

The Revenue Department contends that the "clear value" of a tax-free gift of $100,000 passing to a collateral pecuniary legatee is *clearly not* $100,000, but

* ". . . the state inheritance tax is ordinarily deducted from the distributive shares of the beneficiaries of a decedent's estate. Section 16 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2352, expressly so provides. The tax is on the beneficiary's right of succession to, or the privilege of receiving, either by will or under the intestate law, property possessed by a decedent at his death: Shugars v. Chamberlain Amusements Enterprises, Inc., 284 Pa. 200, 205, 130 A. 426. But, it is also well established that a testator may direct, either expressly or by necessary implication, that his testamentary gifts shall be awarded to his beneficiaries without deduction for the state inheritance tax. Brown's Estate, 208 Pa. 161, 164, 57 A. 360; Spangenberg Estate, 359 Pa. 353, 355, 59 A. 2d 103.

. . .

"Unlike the state inheritance tax, however, the federal estate tax is a tax upon the transmission of a decedent's property to others upon his death: Riggs v. Del Drago, 317 U. S. 95, 97, 98. The incidence of the federal estate tax is upon the property of the decedent: Mellon Estate, 347 Pa. 520, 532, 32 A. 2d 749." *Wright Estate*, 391 Pa. 405, 409, 410, 138 A. 2d 102.

is *clearly* $117,647.05. We are convinced that the language, meaning and intent of the Act is clear and that the Department's new interpretation is not in accordance with, but is an unreasonable distortion of the language, the meaning, and the intent of this Act.

Judge TAXIS well said: "Plainly what actually passes to the beneficiary is what he actually receives after the tax has been paid. From this it follows that the dollars used to pay the tax are not part of the clear value of the property *passing to* the beneficiary. Accordingly the clear value of the property [within the meaning of the Act] is simply the face amount of the legacy . . . ."

The tax as computed by the Commonwealth under its new directive was $10,926.21 more than the tax would have been if the 39 year old construction of the Act had prevailed.* Acts imposing a tax must be strictly construed against the Commonwealth and all reasonable doubt must be resolved in favor of the taxpayer: *Commonwealth v. Budd Company,* 379 Pa. 159, 108 A. 2d 563; *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A. 2d 480; *Murray v. Philadelphia,* 364 Pa. 157, 71 A. 2d 280; *Commonwealth v. Repplier Coal Co.,* 348 Pa. 372, 35 A. 2d 319.

For 39 years, during which time an inheritance tax has been computed and assessed in literally thousands

---

* The Commonwealth contends that its motive is merely a desire to use an *equitable* method of tax assessment which it contends it is required to do by the Act, although further stating that this method will not increase revenue to the Commonwealth, but in the long run the taxes will be the same under either calculation—the old and the new—and only the residuary estate will suffer diminution. This, as we shall see, is irrelevant. However, we note parenthetically that the appellants challenge the Commonwealth's motive as well as the alleged equity and its long-range guess. We consider the motive immaterial, the equity non-existent, and the long-range surmise unsupported even by a Gallup poll.

of estates in all parts of this Commonwealth, Judges, lawyers, legatees and the Commonwealth itself have *all* unanimously agreed that under the provisions of the Act, the tax which is payable out of the residuary estate on a tax-free legacy is computed and assessed— at 2% where the legatee is a direct heir and 5%, later increased to 15%, where the legatee is a collateral heir —on the pecuniary amount of the legacy.*

The Commonwealth correctly contends that this does not raise a binding estoppel against it. Where the language of a statute is plain and clear, administrative interpretations and practice cannot change or avoid the statute. Where, however, the words of a statute are not clear or explicit the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, is entitled to great weight and should not be disregarded or overturned except for clear language in the Act itself or very strong cogent and convincing reasons. *Federal Deposit Insurance Corporation v. Board of Finance & Revenue,* 368 Pa. 463, 84 A. 2d 495; 25 R.C.L. 1043, §274; 42 Am. Jur., Public Administrative Law, §78; *Logan v. Davis,* 233 U. S. 613, 627; *Commonwealth v. Mann,* 168 Pa. 290, 301, 302, 31 A. 1003, 1006; *Commonwealth v. Paine,* 207 Pa. 45, 48, 56 A. 317, 318; *Estate of Henry Scheutz, Jr., Deceased,* 114 Pa. Superior Ct. 602, 607, 174 A. 832, 833, 834; *Cammie v. I. T. E. Circuit Breaker Co.,* 151 Pa. Superior Ct. 246, 250, 30 A. 2d 225, 227; also Statutory Construction Act of May 28, 1937, Art. IV, §§51 & 52, P. L. 1019.

Assuming arguendo that the language of the Act is not clear, the novel construction of the Act which is now advocated by the Revenue Department flies in the teeth of the language and the intention of the testatrix,

---

* Or on the fair market value when the legacy or devise is not in a stated pecuniary amount.

flies in the teeth of the clear, simple, definite, and universal construction of the Act for 39 years by Judges and lawyers, as well as by the Commonwealth itself in (we repeat) thousands of cases, and is likewise in conflict with decisions of this Court which, by necessary implication, have held to the contrary, and is further rebutted by a pertinent legal presumption hereinafter cited.

If the language of the Inheritance Tax Act is as clear as the Commonwealth now contends it is, if it clearly imposes an additional tax on this "additional" tax-free legacy and on similar tax-free legacies, we may appropriately ask how it is that no one saw *this clear* beacon-light testamentary and legislative intent until now? The Commonwealth will seek in vain any language in the will that the testatrix intended to give to her legatees not the pecuniary legacy she clearly stated, but *that* amount *plus an additional legacy* in an amount unknown to her, but which is equal to the inheritance tax on the legacy which tax she clearly and specifically said should be charged against and paid out of the principal of the residuary trust. If the language of the Act so *clearly* creates an *additional legacy* and so clearly imposes this additional tax, how is it, we repeat, that hundreds of able Judges and lawyers, and many able attorneys-general and legislators have been for 39 years so blind as not to have discovered *this clarity?*

In *Frick's Estate,* 277 Pa. 242, 121 A. 35 (1923), the Court said (257, 258) : ". . . It necessarily follows that the direction of the present will 'that all inheritance . . . taxes . . . shall be paid out of the capital of my residuary estate,' can have no effect in reducing [or increasing] the amount of tax to be paid to this State, but only operates, as between the two classes of gifts, to fix the ultimate payment upon the residuary

devisees and legatees, in relief of the others, each of whom, but for that clause, would suffer an abatement of his or her devise or bequest, to the extent of the tax imposed upon its value.

. . .

"As to the inheritance tax paid to this State, we may further say that the act discloses no trace of a purpose to permit the deduction of the tax itself, in order to determine the valuation upon which the tax is to be levied. On the contrary, section 16 expressly provides that before paying any legacy the 'executor or administrator, or other trustee . . . shall deduct [the tax] therefrom at the rate of two per centum upon the whole legacy [if the inheritance is direct] . . . and at the rate of five per centum upon the whole legacy,' if the inheritance is collateral. Hence it is *palpably erroneous* to say that the percentage to be levied on the 'clear value of such estate,' as calculated in the manner provided by the statute, should not be levied thereon, but *on a sum which is that 'clear value' less [or plus] the tax itself;* that is, in the case of direct inheritance on 98 per cent of that value, and in the case of collaterals on 95 per cent of it. Doubtless the legislature could thus provide, but it has not, and, so far as we are aware, no other legislature ever has pursued that course."

The Court in *Frick's Estate,* impliedly held that the "clear value" passing to the pecuniary legatee was the amount bequeathed and not the amount bequeathed less or plus the tax itself, which is exactly what the Commonwealth is here contending for.

The original Transfer Inheritance Tax Act of 1919 has been amended numerous times and the legislature has never amended the method of computing the tax which the Courts have followed for 39 years. There is therefore a presumption that such an interpretation

by the Courts is in accordance with the intent of the legislature; otherwise it would have changed it in one of its amendments: *DuPuy Estate,* 373 Pa. 423, 96 A. 2d 318; *Mills Estate,* 367 Pa. 504, 80 A. 2d 809; *Salvation Army Case,* 349 Pa. 105, 36 A. 2d 479; *Commonwealth v. Beamish,* 20 Pa. D. & C. 324. While this presumption is at times based upon a legal fiction—namely, that the legislature knew of the Court's interpretation of one of its Acts and was satisfied therewith since it did not change it—the presumption in the instant case is not based upon fiction, but upon reality. Nearly every legislator, including all the many lawyers who have been members of the legislature, knows from personal experience in connection with members of his own family, that the Courts have interpreted the Inheritance Tax Act as imposing a tax (2% or 5% or 15%, as the case may be), on the *specific dollar amount* of each pecuniary legacy which a testator has bequeathed, and no Act to change the law in this respect has ever been passed by the legislature.

The Joint State Government Commission's Decedents' Estates Advisory Committee, in commenting on §718 of its proposed Inheritance and Estate Tax Act of 1959,—aware of the Commonwealth's present contention—said: "It is intended that the statutory tax clause here set forth shall not be construed as an additional transfer to the transferee who receives his share free of tax. The rule promulgated by the Department of Revenue, effective September 15, 1958 (8 Fiduc. Rep. 606) is repudiated."

The contention of the Commonwealth is so devoid of merit that ordinarily no further discussion would be necessary. However, in view of the importance of the Revenue Department's directive and the vigor with which it has been pressed, we shall discuss and expressly dispose of several additional contentions of the Commonwealth.

To support its concept of an "additional legacy" the Commonwealth relies upon an expression in the opinion in two lower court cases, namely *Dunion's Estate,* 18 Pa. D. & C. 182 and *Greaves's Estate,* 29 Pa. Dist. 577, which it says "conclusively establishes the Commonwealth's case."

Apart from the fact that a lower court case does not conclusively establish the law, each of the said *abatement* cases is inapposite. In each of these cases testator bequeathed and devised tax-free gifts and then directed that the inheritance taxes be paid out of the residuary estate. There was no residuary estate; on the contrary the assets left by the testator were insufficient to pay the legacies and devises in full. The lower court decided that there must be an abatement and the amount of the abatement for each legacy and devise, as well as the order of abatement between various legacies and devises. In *Dunion's Estate* the lower court stated that *in computing the abatement* among the legatees and devisees the direction to pay inheritance tax out of a residuary estate "is *in substance* an additional legacy in favor of the legatees." In *Greaves's Estate* the lower court stated that a devise of real estate free of collateral inheritance tax should "be considered *as equivalent* to a legacy to [the devisee] of the amount of the tax and as a general legacy must abate with the others." However, these cases, instead of supporting, completely refute the Commonwealth's present position because after the lower court had decided the questions of abatement, both the Commonwealth and the appellee agree that the court imposed the inheritance tax, *not on the additional legacy theory* but, on the *actual amount* of the pecuniary tax-free legacies and the appraised value of the real estate devised.

The Commonwealth also contends that the Federal Income Tax Act is analogous and therefore controlling.

We disagree with each of these positions. Under the Internal Revenue Code, Federal income taxes which are paid for an employee by the employer are considered and taxed as income because they are compensation which is paid to the employee for services rendered by him. *Old Colony Trust Co. v. Comm. of Internal Revenue,* 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918 (1929). Moreover, the Income Tax Law is generally considered a law unto itself. For example, it treats as income what is not income, namely, capital gains; and it holds that capital gains are taxable income, but capital losses are not deductible as income except to a very limited extent. We repeat, we do not consider the provisions of the law with respect to Federal income taxes analogous or controlling. However, if an analogy to Federal taxes is sought, we note parenthetically that Social Security taxes which are paid by an employer for the benefit of an employee are not considered additional income to the employee, and that the gift tax which is payable by a donor on his gift to a donee is not considered an "additional gift" or "additional income" to the donee, nor taxable to the donee as such.

The novel interpretation which the Commonwealth now advocates and this new algebraic formula which it has devised to carry out its new interpretation will transform clarity and simplicity into complication and confusion. As Mr. Justice HOLMES aptly said in *Edwards v. Slocum,* 264 U. S. 61, 63: "Algebraic formulae are not lightly to be imputed to legislators."

To summarize: There is no language in the testatrix's will, and we are convinced there was no legislative intent to construe a tax-free pecuniary legacy as *two* legacies—(1) the pecuniary amount which testatrix specifically gave her legatee, and (2) an *additional unmentioned indeterminate legacy,* equal in amount

to the tax. We are also convinced (a) that the Pennsylvania Inheritance Tax Act does not either in its language or intent impose a tax on these two alleged and imaginary legacies, and (b) that the Act has been correctly construed for 39 years, and (c) that the present contention of the Commonwealth advocating a radically different construction of the Act is devoid of merit.*

Decree affirmed. Costs to be paid by appellant.

Mr. Chief Justice JONES concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

The appellee in his brief concedes, as he must, that there is an economic difference to the legatee between an ordinary legacy and a tax free legacy. He says, "There can be no argument about this fact—obviously it is better to be left a tax free legacy. But the Act does not say that this economic difference is something which is to be taxed." This is my point of departure. I think the only construction that can consistently be placed on the forty-five or more amendments to the Transfer Inheritance Tax Act is that "the clear value of the property . . . passing to or *for the use of*" the legatee can be measured only by the economic value. The legislature undoubtedly used clear value synonymously with economic value. The clear and expressed intent of the legislature was to place a transfer tax

---

* We have preferred to place this decision, involving as it necessarily will, thousands of estates, on the merits instead of deciding whether the arbitrary cut-off date stipulated in the directive— "effective for all *calculations* made on or after September 15, 1958" —makes the directive-interpretation arbitrary and unreasonably discriminatory, and hence violative, at least as far as this taxpayer is concerned, of Article IX, §1 of the Pennsylvania Constitution and of Section I of the 14th Amendment of the Constitution of the United States. See: *Commonwealth v. Budd*, 379 Pa. 159, 108 A. 2d 563.

upon the decedent's property passing to or *for the use of* the legatee and imposes the tax liability upon the legatee. When the decedent's property is transferred to the state for the credit of the legatee's tax liability, I cannot see how this is not property transferred *for the use of* the legatee and hence taxable.

A similar construction has been placed on every like situation that has arisen in regard to federal taxes. The fact that the Commonwealth has not adopted this practice for the past thirty-eight years provides no excuse for our failure to apply the proper application of the law and mathematics now. It only generates embarrassment to the writer that he did not apply the proper law when he had an opportunity so to do.