MARGARET C. WELLINGTON & another, executors, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex. February 5, 1971. — May 6, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, REARDON, QUIRICO,
& BRAUCHER, JJ.

*Taxation,* Succession tax. *Statute,* Construction.

G. L. c. 65, § 19, discussed. [450–451]

Any change in an administrative practice of the Commonwealth established contemporaneously with the enactment of a statute and continuing thereafter for many years should be made by the Legislature and not by the Commissioner of Corporations and Taxation or the courts. [451–452]

Where it appeared that a testator's will directed that "all . . . succession . . . taxes . . . payable by reason of my death be paid out of . . . [the residue] and as administration expenses thereof and be not apportioned," that the testator's wife had been joint owner with him of certain property, and that at the testator's death his executors paid from the residue of his estate the succession tax assessed under G. L. c. 65 to his wife on the amount passing to her as surviving joint owner of that property, it was held that no tax should have been assessed under c. 65 upon the money which was deducted from the residue and used to pay such succession tax. [452]

PETITION IN EQUITY filed in the Probate Court for the county of Middlesex on September 23, 1969.

The case was reported by *Martin,* J.

*John E. Rogerson* (*Ronald Garmey* with him) for Margaret C. Wellington & another, executors.

*Daniel J. Johnedis,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

BRAUCHER, J. The executors under the will of Raynor G. Wellington (Wellington) brought a petition in equity against the Commissioner of Corporations and Taxation (Commissioner) in the Probate Court to recover the legacy tax assessed upon money which, pursuant to a provision in the will, was deducted from the residue and used to pay the succession tax assessed against Mrs. Wellington as surviving joint owner of certain bank accounts. The Commissioner filed an answer asserting that the disputed tax was proper. The judge reserved and reported the case upon the pleadings and a statement of agreed facts.

Wellington died on January 7, 1965. By his will he left his wife certain real and personal property, bequeathed specific sums to others, and gave the residue in trust for his wife for her lifetime and thereafter for others. The will directed "that all legacy, succession, inheritance, and estate taxes or taxes of that nature which may be payable by reason of my death be paid out of . . . [part of the residue] and as administration expenses thereof and be not apportioned." Mrs. Wellington was also joint owner with Wellington of property in one checking and seven savings accounts. The executors paid the tax on the amount

passing to Mrs. Wellington as surviving joint owner of the bank accounts, including an amount assessed by the Commissioner on the theory that the payment from the residue of the tax on the amount of the bank accounts was an additional pecuniary legacy to Mrs. Wellington. The executors dispute that theory and seek to recover what they call "a tax on a tax."

The case turns on G. L. c. 65, § 19: "When provision is made by any will or other instrument for payment of the legacy or succession tax upon any gift thereby made out of any property other than that so given, no tax shall be chargeable upon the sum to be applied in payment of such tax."

1. It is common ground that if a testator leaves $100,-000 to X, the Massachusetts legacy tax is computed on the gross amount, without deduction for the amount of the legacy tax. Thus if the tax rate is ten per cent, X pays a ten per cent tax on $100,000, although the net amount received is $90,000. In a sense X pays "a tax on a tax."

On the other hand, it is also common ground that, if the testator by will leaves $100,000 to X and the residue to Y, and provides that the tax on X's share is to be paid out of the residue, G. L. c. 65, § 19, requires that the tax to X be computed on $100,000 and that the tax to Y be computed on the residue after the tax payment on X's share. *Prescott* v. *St. Luke's Hosp. of New Bedford,* 280 Mass. 229, 232. Again, if the tax rate is ten per cent, the tax on X's $100,000 is $10,000; but the taxable residue is reduced by that $10,000. There is no "tax on a tax," but rather a tax saving of the tax on $10,000 as compared with the first case put.

The Commissioner seems to suggest that the result in the second case described above is unsound, citing *Matter of Estate of Irwin,* 196 Cal. 366, 376, *Bouse* v. *Hutzler,* 180 Md. 682, 685–686, *Matter of Estate of Henry,* 189 Wash. 510, 517–518, Annotations, 51 A. L. R. 454, 493, 141 A. L. R. 843, 37 A. L. R. 2d 7, 95, and Barrett & Bailey, Taxation, § 1085, p. 47. But he seems to concede that G. L. c. 65,

§ 19, prevents assessment of an additional tax on the $10,-000 deducted from the residue to pay the tax on X's legacy. See Nichols, Taxation in Massachusetts (3d ed.) 712–713. The same principle seems to be followed in some other States with less explicit statutory sanction. *Loeb Estate,* 400 Pa. 368. Compare *Glessner* v. *State Tax Commr.* 146 W. Va. 282.

2. The case in dispute is the case where X's $100,000 passes outside the will, as in the case of a joint bank account. In such a case G. L. c. 65, § 19, seems somewhat ambiguous. On the one hand, it could apply "[w]hen provision is made by any will . . . for payment of the legacy or succession tax upon any gift . . . made [by that will] . . . ." On the other hand, it could apply "[w]hen provision is made by any . . . instrument for payment of the legacy or succession tax upon any gift . . . made [by any instrument] . . . ." In other words, "thereby" might mean "by the same instrument" or it might mean "by any instrument." As a purely linguistic matter, if the statute had been enacted at a time when jointly owned property was subject to the tax, we might lean toward the meaning "by the same instrument." But G. L. c. 65, § 19, stems from St. 1907, c. 563, § 11, and property held jointly with right of survivorship was not subject to the Massachusetts succession tax until 1916. We cannot be sure whether the Legislature, when it decided to treat jointly owned property like property passing by will for some purposes, also intended to apply to jointly owned property other provisions originally directed only to legacies.

3. According to the statement of agreed facts, the application of the Massachusetts succession tax to cases like the present one began with the enactment of St. 1916, c. 268. "After that date as a matter of practice the Commonwealth . . . did not endeavor to collect an additional tax where the will directed that the Legacy and Succession Tax on joint property be paid out of the residue until formal notice was issued by the Commissioner in September, 1968 . . . ." Thus it took the responsible tax officials more

than fifty years to correct their error, if it was an error. The notice issued in September, 1968, states that "we have, after review and research determined that our current policy and procedure should be changed to comply with our interpretation of the . . . statute." It does not purport to be a "regulation" pursuant to G. L. c. 14, § 4, or to be in compliance with the requirements of G. L. c. 30, § 37, or G. L. c. 30A, § 2 or § 3. See *Packard Mills, Inc.* v. *State Tax Commn.* 345 Mass. 718, 720; *First Agricultural Natl. Bank* v. *State Tax Commn.* 353 Mass. 172, 174–175, reversed on other grounds in 392 U. S. 339.

4. "Undue weight, of course, is not to be given to administrative interpretations of statutes which are not ambiguous. Where, however, the language of a statute is vague or permits more than one reasonable interpretation, contemporary administrative construction, especially if long continued, is of significance. See *Cleary* v. *Cardullo's Inc.* 347 Mass. 337, 343–345." *Assessors of Holyoke* v. *State Tax Commn.* 355 Mass. 223, 243–244. *United States* v. *Alabama Great So. R.R.* 142 U. S. 615, 621. *Norwegian Nitrogen Prod. Co.* v. *United States,* 288 U. S. 294, 313. *United States* v. *Leslie Salt Co.* 350 U. S. 383, 396–397. *Loeb Estate,* 400 Pa. 368, 373. In the opinion of a majority of the court, in the present situation it is appropriate that any change in the administrative practice, established contemporaneously with the enactment of the statute and long continued, should be made by the Legislature and not by the Commissioner or the courts. *Assessors of Holyoke* v. *State Tax Commn., supra,* at 244.

5. A decree is to be entered adjudging that a tax in the amount of $4,202.96 was wrongly exacted, ordering an abatement thereof, and ordering the Treasurer to pay that amount, with interest from the date of payment, to the executors.

*So ordered.*